IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIBERTY BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-3124-M-BN |
| | § | |
| LANCASTER INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER REGARDING SCREENING AND DENYING WITHOUT
PREJUDICE MOTION TO APPOINT COUNSEL**

In this *pro se* action in which Plaintiff Liberty Brown has moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. Nos. 6 & 12, the defendants have answered, *see* Dkt. Nos. 9 & 10. But that development does not relieve Plaintiff of the obligation to comply with the Court's November 9, 2016 Notice of Deficiency and Order, pursuant to which Plaintiff's parents shall fully complete and file an IFP affidavit no later than **December 12, 2016** to provide the Court with information needed to determine whether requiring Plaintiff (or her household) to pay the fee to initiate this action will cause undue financial hardship. *See* Dkt. No. 8.

Plaintiff's second motion for leave to proceed IFP [Dkt. No. 12], likely filed before receipt of the November 9, 2016 Notice of Deficiency and Order, does not comply with that order.

Furthermore, despite the defendants' filing of an answer, the Court has not completed its preliminary screening of this action under 28 U.S.C. § 1915, the IFP

statute. As such, the defendants shall be required to take no further action as to this case until ordered to do so by the Court. *Cf. Coleman v. Ford Motor Co.*, No. 11-cv-359-JL, 2011 WL 3665514, at *1 n.1 (D.N.H. Aug. 19, 2011) ("Ordinarily, the complaint in a case filed *pro se* and *in forma pauperis* is not served prior to the completion of the preliminary review required by § 1915(e)(2). Although defendant has apparently been notified of this action and has received a copy of the complaint as defendant has filed an answer and notice of attorney appearance, the court now complies with the requirements of § 1915(e)(2) and this court's local rules, and conducts a preliminary screening." (citations omitted)).

In this regard, the undersigned further notes that Section 1915 provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see, e.g., Edmon v. Chaney*, 160 F. App'x 437, 439 (5th Cir. 2006) (per curiam) ("A district court ***must*** dismiss a complaint that it determines to be frivolous. Service upon the defendants prior to such a dismissal is not required." (citation omitted and emphasis added)).

The current need to screen this case also serves as the basis to deny without prejudice Plaintiff's motion to appoint counsel [Dkt. No. 11].

"There is no absolute right to an attorney in [civil] cases." *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010). That is, a *pro se* plaintiff, "even if demonstrably

indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Although the Court has statutory authority to appoint counsel to represent an indigent person in the prosecution of a suit, *see* 28 U.S.C. § 1915(e)(1), that authority is typically exercised only in "exceptional circumstances," *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *see also Naranjo*, 809 F.3d at 799 ("even when a plaintiff has nonfrivolous ... claims, a 'trial court is not required to appoint counsel ... unless the case presents exceptional circumstances'" (quoting *Ulmer*, 691 F.2d at 212)).

District courts in this circuit consider several non-comprehensive factors (sometimes referred to as *Ulmer* factors) to determine "whether exceptional circumstances warrant the appointment of counsel, including:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Naranjo*, 809 F.3d at 799 (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

"District courts may also consider the extent of a plaintiff's attempts to secure private counsel independently." *Id.* (citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)).

The "courts have 'considerable discretion' in deciding whether to appoint counsel.

-3-

But that discretion ends once exceptional circumstances are found." *Naranjo*, 809 F.3d at 801 (quoting *Branch v. Cole*, 686 F.2d 264, 267 (5th Cir. 1982)).

Plaintiff so far has shown the "ability to present and investigate his case." As to the remaining three factors, at this time, while the Court is still screening this case, it is too soon to determine whether the case is particularly complex, what evidence will be involved, and whether appointment of counsel will shorten any trial and/or assist the Court in just determination. Therefore, exceptional circumstances do not warrant court-appointed counsel at this time.

Because the Court's "perception of the merits and other factors relevant to the issue of appointment of counsel may vary over time," *Cox v. Ann (LNU)*, No. 12-2678-KHV, 2013 WL 2389485, at *2 (D. Kan. May 30, 2013), the motion is denied without prejudice, *see Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) ("a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case"); *see also Steinmetz v. U.S. Congress*, No. CV 07-41 BLGRFC, 2007 WL 1576721, at *1 (D. Mont. May 30, 2007) (concluding that the magistrate judge "properly conducted preliminary screening of this lawsuit prior to appointing counsel").

SO ORDERED.

DATED: November 17, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-4-