IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LIBERTY BROWN,                    §
                                  §
            Plaintiff,            §
                                  §
V.                                §            No. 3:16-cv-3124-M-BN
                                  §
LANCASTER INDEPENDENT             §
SCHOOL DISTRICT, ET AL.,          §
                                  §
            Defendants.           §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b).

## Applicable Background

On November 8, 2016, Plaintiff Liberty Brown filed a complaint against the Lancaster Independent School District and individuals associated with the school district, alleging that she was "intentionally" treated "differently from ... other similarly situated Senior Division I [athletic] prospect[s]" at her high school, resulting in violations of her rights under the Equal Protection Clause, multiple federal statutes, and other laws. Dkt. No. 3. Plaintiff also moved for leave to proceed *in forma pauperis*

("IFP"). *See* Dkt. No. 6.

Judge Lynn denied Plaintiff's Application for Emergency Temporary Restraining Order [Dkt. No. 4] on November 9, 2016, *see* Dkt. No. 7.

The same day, the undersigned entered an order notifying Plaintiff of certain deficiencies in her IFP motion, and she was ordered to remedy the identified deficiencies no later than December 12, 2016 and was warned that her failure to comply by that date "will result in a recommendation that the complaint be dismissed for failure to prosecute and obey orders of the Court pursuant to Federal Rule of Civil Procedure 41(b)." Dkt. No. 8 at 1-2.

Although an answer and motion for judgment on the pleadings have been filed, *see* Dkt. Nos. 9 & 16, and while Plaintiff has twice moved for appointment of counsel, *see* Dkt. Nos. 11 & 17, she has not filed an IFP motion that addresses the deficiencies identified by the Court on November 9, 2016, *see* Dkt. No. 12.

As the Court explained to Plaintiff on November 9, 2016,

> [t]he standards governing IFP motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
> "[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit further] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, ***a parent***, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978) (emphasis added); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma*

> *pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks omitted)); *Pisano v. Astrue*, No. 11-30269-KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915." (collecting cases)).
>
> While Plaintiff has offered sworn testimony that she is at least 18 years of age, and therefore not a minor, *see* Dkt. No. 4 at 8-9, it also is clear that she is a high school student without a job who resides with her parents, *see* Dkt. No. 3 & 6. As such, Plaintiff's ability to pay the costs associated with this action "depend[s] in part on [her] actual ability to get funds from" her parents. *Williams*, 455 F. Supp. at 209.

Dkt. No. 8 at 2-3 (emphasis in original).

For these reasons, the Court ordered Plaintiff's parents to complete and file a verified IFP motion, which the Court determined was necessary to obtain "the information it needs to determine whether requiring Plaintiff (or her household) to pay the fee to initiate this action will cause undue financial hardship." *Id.* at 3.

On November 17, 2016, in its order denying Plaintiff's initial motion to appoint counsel, the Court warned Plaintiff that defendants' answering did

> not relieve [her] of the obligation to comply with the Court's November 9, 2016 Notice of Deficiency and Order, pursuant to which Plaintiff's parents shall fully complete and file an IFP affidavit no later than **December 12, 2016** to provide the Court with information needed to determine whether requiring Plaintiff (or her household) to pay the fee to initiate this action will cause undue financial hardship.

Dkt. No. 13 at 1 (emphasis in original).

As of today, it is more than eight weeks past the deadline for Plaintiff to comply with the Court's order.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions

would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

Plaintiff's failure to comply with the Court's order by not filing an IFP motion that conforms with the requirements set out in the November 9, 2016 order prevents this action from proceeding. She therefore has failed to prosecute her lawsuit by obeying the Court's order. And a Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. *See, e.g., Spencer v. Young Kwon*, No. 5:14-cv-258-RS-GRJ, 2015 WL 737672, at *2 (N.D. Fla. Feb. 20, 2015) (noting that, where leave to proceed IFP is sought, the filing of a proper motion is "the first step in bringing a federal civil rights case" and that, where that obligation is not fulfilled, "the Court has no choice but to recommend that [an] action be dismissed for failure to comply with an order of the Court and for failure to prosecute the case").

The undersigned further concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order. Relatedly, the Court should not be forced to accept an IFP motion that lacks the financial information ordered by the Court. *Cf. Nottingham*, 837 F.3d at 441 (concluding that a district court has authority to order "financial disclosures after a plaintiff withdraws his or her IFP application in favor of paying the filing fee").

Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of a pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b). But, if Plaintiff responds to the undersigned's findings, conclusions, and recommendation – within the period provided for filing objections – by renewing her IFP motion and by attaching to such a motion an IFP affidavit completed and verified by her parents, the Court should refer this action back to the undersigned for additional screening.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 7, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE